IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRIS E. THOMPSON, Trustee of the Grizzly Peak Investors, Inc., Defined Benefit Retirement Plan, and PETER M. SCHARFF, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>TIMOTHY WALKER, an individual; LINDA SMITHIES-WALKER, an individual; PUGET SOUND IRON WORKS, INC., a Washington corporation; SEAPORT DEVELOPMENT, LLC, a Washington limited liability company,<br><br>        Defendants. | 09-CV-508-JE<br><br>ORDER |

**MARK M. MCCULLOCH**
**COREY B. TOLLIVER**
Powers McCulloch & Bennett, LLP
1300 S.W. Fifth Avenue
Suite 1720
Portland, OR 97201
(503) 228-8588

       Attorneys for Plaintiffs

**JOSEPH A. YAZBECK**
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue
Suite 2750
Portland, OR 97201-5609
(503) 227-1428

       Attorneys for Defendants

**BROWN, Judge.**

Magistrate Judge John Jelderks issued Findings and Recommendation (#37) on July 6, 2010, in which he recommends the Court grant Plaintiffs' Motion (#27) for Summary Judgment. Defendants filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

2 - ORDER

## I. Procedural Background

On May 7, 2009, Plaintiffs filed a Complaint in this Court alleging claims for breach of contract and replevin on the ground that Defendants breached and defaulted on a promissory note when Defendants failed to repay the amounts loaned to them by Plaintiffs.

On June 19, 2009, Defendants filed an Answer containing, among other things, an Affirmative Defense of "settlement" in which Defendants allege "[t]he underlying debt was settled before the property was sold." It is undisputed that Plaintiffs did not file any response to Defendants' Answer.

On April 2, 2010, Plaintiffs filed a Motion for Summary Judgment as to Plaintiffs' claims and, among other things, Defendants' Affirmative Defense of settlement on the grounds that "the settlement was never reduced to writing, as contemplated by the parties. Consequently . . . the alleged settlement did not discharge the plaintiffs' [*sic*] duty to perform their obligations under the Promissory Note." Plaintiffs also contend even if a settlement was reached, Defendants failed to perform a material term of the settlement when Defendants failed to pay $100,000 to Plaintiffs by August 13, 2008.

On April 28, 2010, Defendants filed a Response to Plaintiffs' Motion for Summary Judgment in which they alleged, among other things, that "Oregon case law holds that oral

3 - ORDER

settlement agreements can be enforceable as long as they meet the requirements for contract formation and the parties intended to be bound by the settlement agreement," and, in addition, the duty to pay $100,000 to Plaintiffs by August 13, 2008, was not a material term of any settlement.

On May 17, 2010, Plaintiffs filed a Reply alleging, among other things, that Defendants' Affirmative Defense of settlement is barred by the statute of frauds "because [Plaintiffs] learned for the first time in [Defendants' Response to] summary judgment that the purported settlement agreement concerned real property."

On May 26, 2010, the Magistrate Judge heard oral argument on Plaintiffs' Motion for Summary Judgment, which included argument as to Plaintiffs' allegation regarding the statute of frauds.

In the Findings and Recommendation, the Magistrate Judge found with respect to the Affirmative Defense of settlement that

> [t]he record of communications between defendants' counsel and plaintiffs' former counsel includes insufficient evidence from which a trier of fact could conclude that counsel ever agreed as to all the material terms of a settlement agreement. There is substantial evidence that any settlement contemplated by plaintiffs required the payment of $100,000 by August 13, 2008, and substantial evidence that defendants' counsel understood that plaintiffs required that any settlement be reduced to writing. In addition, the purported agreement was too indefinite to be enforceable: Defendants assert that plaintiffs agreed in the settlement to "dismiss this action and release their liens [on defendants' residential and business property] if defendants paid plaintiffs $100,000 and deeded . . . the Cranberry Creek Property . . . to plaintiffs." In August, 2008, plaintiffs could

> not have agreed to dismiss an action that they did not file until May, 2009.
>
> However, in analyzing the pending motion for summary judgment, I need not reach the questions whether the parties ever agreed to the material terms of a settlement agreement, whether any such agreement required payment of $100,000 by August 13, 2008, whether plaintiffs waived any requirement that they receive that amount by that date, whether plaintiffs insisted that any settlement be reduced to writing before it became effective, and whether the purported settlement was too indefinite to be enforceable. A single, dispositive fact is beyond dispute: No settlement agreement setting out all of the material terms of settlement was ever reduced to writing. This fact is dispositive because the purported settlement involved the transfer of interests in real property, and agreements transferring rights in real property are enforceable only if they are in writing.

Findings and Recommendation at 9-10 (D. Or. July 6, 2010)(citing Or. Rev. Stat. § 41.580).

**II. Portions of the Findings and Recommendation to which Defendants objected.**

In their Objections, Defendants contend the Magistrate Judge erred when he considered Plaintiffs' statute-of-frauds argument.

**A. The Magistrate Judge did not err when he considered Plaintiffs' statute-of-frauds argument.**

Defendants contend Plaintiffs were required to file a reply to Defendants' Answer in order to raise their statute-of-frauds argument, and, therefore, Plaintiffs should not have been permitted to assert their argument at summary judgment because they waived that argument when they failed to file a reply to Defendants' Answer. Defendants also assert the Magistrate Judge

5 - ORDER

erred when he considered Plaintiffs' statute-of-frauds argument because Plaintiffs raised this argument for the first time in their Reply to their Motion for Summary Judgment.

> **1. Plaintiffs were not required to file a reply to Defendants' Answer to assert their statute-of-frauds argument.**

Federal Rule of Civil Procedure 8(c) provides in pertinent part that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of frauds."  Rule 8(b)(6), however, provides:  "If a responsive pleading is not required, an allegation is considered *denied or avoided*" (emphasis added).  As to the requirement to file a reply to an answer, Federal Rule of Civil Procedure 7(a)(7) provides:  "Only these pleadings are allowed: . . . *if the court orders one*, a reply to an answer" (emphasis added).

Defendants assert the Court ordered Plaintiffs to file a reply to Defendants' Answer when the Magistrate Judge issued the Court's general Discovery and Pretrial Scheduling Order on May 7, 2009, in which the Magistrate Judge directed the parties to "[f]ile all pleadings pursuant to Fed. R. Civ. P. 7(a)."  According to Defendants, therefore, Plaintiffs waived their statute-of-frauds defense when they did not file a reply to Defendants' Answer.  The Court disagrees.

The general Discovery and Pretrial Scheduling

Order directs the parties to file the pleadings pursuant to Rule 7(a). As noted, however, Rule 7(a) requires a reply to an answer only when ordered. Thus, Plaintiffs filed the pleadings that were required by Rule 7(a). Defendants' view of the Court's Discovery and Pretrial Scheduling Order would require Plaintiffs to file replies to an answer without a specific court order, which would, in effect, render Rule 7(a)(7) a nullity. The Court, therefore, concludes Plaintiffs did not waive their right to assert a statute-of-frauds argument in response to Defendants' settlement Affirmative Defense.

> **2. The Magistrate Judge did not err when he considered Plaintiffs' statute-of-frauds argument.**

Defendants also contend the Magistrate Judge erred when he considered Plaintiffs' statute-of-frauds argument because Plaintiffs raised this argument for the first time in their Reply to their Motion for Summary Judgment. Plaintiffs contend they were unable to assert the statute-of-frauds argument before they filed their Reply because they learned for the first time in Defendants' Response that the settlement concerned real property, and, the record reflects Defendants' filings prior to their Response to Plaintiffs' Motion for Summary Judgment were not sufficient to put Plaintiffs on notice that the settlement agreement at issue concerned real property. Thus, the first time Plaintiffs reasonably could have raised their statute-of-frauds argument was in their Reply. In any event, Defendants had the

7 - ORDER

opportunity to respond to Plaintiffs' statute-of-frauds argument during oral argument on Plaintiffs' Motion. On this record, therefore, the Court concludes the Magistrate Judge did not err when he considered Plaintiffs' statute-of-frauds argument even though Plaintiffs raised this argument for the first time in their Reply.

In summary, this Court has carefully considered Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**III. Portions of the Findings and Recommendation to which Defendants did not object.**

Because Defendants did not object to the remainder of the Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to the remainder of the Findings and Recommedation. *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and

Recommendation (#37) and, therefore, **GRANTS** Plaintiffs' Motion (#27) for Summary Judgment.

IT IS SO ORDERED.

DATED this 6th day of October, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge