IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRIS E. THOMPSON, Trustee of the Grizzly Peak Investors, Inc., Defined Benefit Retirement Plan, and PETER M. SCHARFF, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>TIMOTHY WALKER, an individual; LINDA SMITHIES-WALKER, an individual; PUGET SOUND IRON WORKS, INC., a Washington corporation; SEAPORT DEVELOPMENT, LLC, a Washington limited liability company,<br><br>    Defendants. | 09-CV-508-BR<br><br>ORDER |

1 - ORDER

**MARK M. MCCULLOCH**
**COREY B. TOLLIVER**
Powers McCulloch & Bennett, LLP
1300 S.W. Fifth Avenue
Suite 1720
Portland, OR 97201
(503) 228-8588

       Attorneys for Plaintiffs[1]

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion (#63) for Attorney Fees and Costs.  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion and awards attorneys' fees to Plaintiffs in the amount of **$74,574.16**.  The Court also awards costs to Plaintiffs in the amount of **$2,814.54**.

### BACKGROUND

    On May 7, 2009, Plaintiffs filed a Complaint in this Court alleging claims for breach of contract and replevin on the ground that Defendants breached and defaulted on a Promissory Note when Defendants failed to repay the amounts loaned to them by Plaintiffs.  On June 19, 2009, Defendants filed an Answer that included Counterclaims for settlement, common-law usury, fraud in the inducement, and unlicensed lending.

---

[1] On November 15, 2010, the Court granted defense counsel's Motion to Withdraw.  Defendants, however, have not made an appearance since November 2010 and have not advised the Court as to new counsel.

2 - ORDER

On July 6, 2010, Magistrate Judge John Jelderks issued Findings and Recommendation in which he recommended the Court grant Plaintiffs' Motion for Summary Judgment as to Plaintiffs' claims and Defendants' Counterclaims on the grounds that Defendants breached and defaulted on the Promissory Note; the parties did not reach any binding settlement agreement because the agreement was never reduced to writing; Defendants failed to establish fraud in the inducement by clear and convincing evidence; Oregon law did not limit the interest rate that could be charged for the note at issue, and, therefore, Defendants did not establish the interest rate was usurious under the law; and Oregon law did not require Plaintiffs to be licensed to issue the note.

Defendants filed Objections. On October 7, 2010, this Court issued an Order adopting the Findings and Recommendation and granting Plaintiffs' Motion for Summary Judgment.

On November 3, 2010, defense counsel moved to withdraw. After a hearing on November 10, 2010, the Court granted defense counsel's Motion.

On November 19, 2010, Plaintiffs filed a Motion for Judgment. On December 15, 2010, the Court held a hearing on Plaintiffs' Motion at which Defendants did not appear.

On December 16, 2010, the Court entered a Judgment in favor of Plaintiffs and against Defendants including an award of

reasonable attorneys' fees and costs to be determined by the Court.

On December 30, 2010, Plaintiffs filed a Motion for Attorney Fees and Costs.  Defendants did not file a response to Plaintiffs' Motion.

## **PLAINTIFFS' MOTION (#63-1) FOR ATTORNEY FEES**

### I.  **Standards**

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."  *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009)(quotation omitted).

In the December 15, 2010, proceedings, the Court determined Plaintiffs were entitled to an award of reasonable attorneys' fees pursuant to Oregon Revised Statutes §§ 20.096(1) and 20.075 and ¶ 5.3 of the Promissory Note.  Accordingly, the Court now must determine a reasonable amount of attorneys' fees.

When determining the amount of an award for attorneys' fees, Oregon Revised Statute § 20.075(2) directs the Court to consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

4 - ORDER

>    (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
>    (c) The fee customarily charged in the locality for similar legal services.
>
>    (d) The amount involved in the controversy and the results obtained.
>
>    (e) The time limitations imposed by the client or the circumstances of the case.
>
>    (f) The nature and length of the attorney's professional relationship with the client.
>
>    (g) The experience, reputation and ability of the attorney performing the services.
>
>    (h) Whether the fee of the attorney is fixed or contingent.

## II. Analysis

Plaintiffs seek $90,939.40 in attorneys' fees. Plaintiffs do not point to any evidence in the record related to factors (b), (e), (f), or (h). Accordingly, the Court addresses only factors (a), (c), (d), and (g) in its analysis.

**A. The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding, and the skill needed to properly perform the legal services.**

This case involved a complicated series of transactions related to a real-estate development project including a Promissory Note, a Deed of Trust, a Security Agreement, and a series of settlement negotiations. Resolution of the issues required analysis of Oregon and Washington law, evaluation of

5 - ORDER

several complicated documents, and a thorough grasp of the parties' interactions dating back to 2006. Accordingly, the Court concludes the time and labor required in this proceeding were extensive, the questions involved were difficult, and a high level of skill was required to perform the legal services.

**B.    The amount involved in the controversy and the results obtained.**

Plaintiffs sought $729,454 in their Complaint plus interest accrued at 35% together with an amount equal to ten percent of the benefits derived from the action against the Lake Oswego School District assigned to Plaintiffs by Defendants plus nine percent interest per annum on those benefits.

The Judgment entered in this matter was in favor of Plaintiffs for $1,165,177.17 comprising the amount due on the Promissory Note plus interest accrued through the date of Judgment; pre- and postjudgment interest accruing on $1,165,177.17 at 35% until paid; and the transfer of all of Defendants' rights, title, and interest in the action against Lake Oswego School District. Plaintiffs, therefore, achieved complete success in this action and obtained the result they sought in their Complaint.

**C.    The fee customarily charged in the locality for similar legal services and the experience, reputation, and ability of the attorneys performing the services.**

As noted, Plaintiffs seek attorneys' fees of $90,939.40 comprised of work by five attorneys, two law clerks, and one

6 - ORDER

legal assistant.

    **1.**    **Hourly rates for attorneys.**

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2007 (Oregon 2007 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

Mark McCulloch had over 40 years of experience during the course of this action and requests $300 per hour. According to the Oregon 2007 Survey, Portland attorneys with McCulloch's level of experience bill on average at a rate of $300 per hour. The 75th percentile of Portland attorneys with his level of experience bill at an average hourly rate of $350. The Court, therefore, concludes the requested rate of $300 per hour is, without question, a reasonable rate for McCulloch's services.

Steven Bennett had between 20 and 22 years of experience during the course of this action and requests $250 per hour. According to the Oregon 2007 Survey, Portland attorneys with his level of experience bill on average at a rate of $277 per hour. The Court, therefore, concludes the requested rate of $250 per hour is a reasonable rate for Bennett's services.

J. Andrew Weerts had between six and seven years of experience during the course of this action and requests $200

7 - ORDER

per hour.  According to the Oregon 2007 Survey, Portland attorneys with this level of experience bill on average at a rate of $239 per hour.  The Court, therefore, concludes the requested rate of $200 per hour is a reasonable rate for Weerts's services.

Michael Licurse had between four and six years of experience during the course of this action and requests $174 per hour.  According to the Oregon 2007 Survey, Portland attorneys with this level of experience bill on average at a rate of $188 per hour.  The Court, therefore, concludes the requested rate of $174 per hour is a reasonable rate for Licurse's services.

Corey Tolliver had between one and three years of experience during the course of this action and requests $160 per hour.  According to the Oregon 2007 Survey, Portland attorneys with this level of experience bill on average at a rate of $177 per hour.  The Court, therefore, concludes the requested rate of $160 per hour is a reasonable rate for Tolliver's services.

Plaintiffs do not provide the Court with any information about Jonathan Spare's experience and describe him as a "law clerk" in their fee request.  In his Declaration, Tolliver states Spare is "an Oregon attorney[] working as [a] law clerk[], and [his] rate[] [is] well below the average rate for Oregon attorney [*sic*] with less than 3 years experience."  Tolliver Decl. at ¶ 4.  The Oregon State Bar Membership Directory reflects Spare was admitted to the Oregon State Bar on February 10, 2009.

8 - ORDER

The Court, therefore, assumes for purposes of Plaintiffs' Motion that Spare had between one and two years of experience during the course of this action.  According to the Oregon 2007 Survey, Portland attorneys with this level of experience bill on average at a rate of $177 per hour.  Plaintiffs request 63.3 hours of Spare's time at $40 per hour, 4.2 hours of Spare's time at $80 per hour, 6.4 hours of Spare's time at $100 per hour, and 28.2 hours of Spare's time at $120 per hour.  Plaintiffs, however, fail to provide the Court with information from which the Court can determine when the various hourly rates applied to Spare's tasks.  On this record and in the exercise of the Court's discretion, the Court concludes the requested rates are reasonable for an attorney of Spare's experience after Spare was admitted to the Oregon State Bar in February 2009.  In addition, Plaintiffs' billing records reflect Spare billed 63.41 hours of time after February 1, 2009.  Accordingly, the Court awards Plaintiffs $120 per hour for 28.2 hours of Spare's time as requested, $100 per hour for 6.4 hours of Spare's time as requested, $80 per hour for 4.2 hours of Spare's time as requested, and $40 per hour for 24.61 hours of Spare's time as requested for a total of 63.41 hours of Spare's time from February 1, 2009, to the conclusion of this action.

  **2.**  **Law-clerk and legal-assistant rates.**

    Plaintiffs request 146.7 hours of law-clerk time

9 - ORDER

by Julia Jacyno at rates varying from $80 per hour to $120 per hour, 102.1 hours of law-clerk time by Spare at various rates, and .3 hours of legal-assistant time by Susan Hurst at $90 per hour.  As to the time requested for Spare, the Court has already found 63.41 hours of Spare's time as a practicing attorney were reasonable.  Accordingly, 38.69 hours of Spare's time remain at issue at law-clerk rates apparently for the time prior to Spare's admittance to the Oregon State Bar.

        Plaintiffs did not provide any information as to the experience of Jacyno, Spare, or Hurst.  Tolliver asserts in his Declaration that Jacyno "an Oregon attorney[] working as [a] law clerk[], and [her] rate[] [is] well below the average rate for Oregon attorney [sic] with less than 3 years experience."  The Oregon State Bar Membership Directory, however, notes Jacyno was admitted to the Oregon State Bar in May 2008, but her status is currently "suspended-nondisciplinary."  It is unclear when Jacyno was suspended, and, therefore, it is unclear whether any of the time that she billed during this matter was as a practicing attorney.  The Court, therefore, lacks sufficient information to evaluate Jacyno's time under the rubric of the Oregon 2007 Survey.

        Plaintiffs also did not provide any information regarding reasonable hourly rates for law clerks or legal assistants in the Portland area where these individuals worked.

10 - ORDER

Accordingly, the Court declines to award fees at the requested rate for Jacyno and Hurst. Instead, the Court applies the minimal rate of $40 per hour requested for Spare's time as a law clerk for the work of Jacyno and Hurst in the absence of any evidence to support more.

### 3. Attorney and law-clerk hours

The "district court may attempt to identify specific hours that should be eliminated. . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

Counsel's billing records reflect some of the time billed includes time for tasks that are clerical or administrative in nature and constitute overhead that is reflected in the attorneys' and law-clerks' hourly rates. For example, Jacyno billed time for organizing file, preparing deposition exhibits, "reactivating Thompson's email account," reviewing Thompson's email, compiling exhibits for summary judgment, and updating all filing. Similarly, in May 2010, Spare billed time "prepar[ing] exhibits for filing [and] fil[ing] documents with federal court." Accordingly, the Court reduces Jacyno's billing by 13.6 hours and Spare's billing by 2.2 hours.

In addition, Plaintiffs request a total of 445.11 hours of attorney time and 185.39 hours of law-clerk time. Even given the complicated and extended nature of this action, the Court concludes the total amount of hours requested by counsel is

11 - ORDER

excessive. Accordingly, after accounting for the above deductions for clerical and/or administrative tasks, the Court reduces the total number of hours requested by Plaintiffs by 10%.

In summary, the Court awards attorneys' fees to Plaintiffs in the amount of **$74,574.16**.

## PLAINTIFFS' COST BILL (#63-2)

Plaintiffs request costs in the amount of $2,814.54 for filing this action, for service of process, for deposition fees, and for copy charges.

### I. Standards

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

12 - ORDER

>    (5) Docket fees under section 1923 of this title;
>    (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
>    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

**II. Analysis**

Defendant did not file any response or objection to Plaintiffs' Cost Bill.

On this record, therefore, the Court, in the exercise of its discretion, awards Plaintiffs their requested costs. Accordingly, the Court awards costs to Plaintiffs in the amount of **$2,814.54.**

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion,

13 - ORDER

awards attorneys' fees to Plaintiffs in the amount of **$75,342.88**,

14 - ORDER

and awards costs to Plaintiffs in the amount of **$2,814.54**.

    IT IS SO ORDERED.

    DATED this 9th day of March, 2011.

                                                       /s/ Anna J. Brown

                                                     ANNA J. BROWN  
                                                     United States District